**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Cher Y.,[1]

      Petitioner,

v.

Markwayne Mullin, *Secretary, Department of Homeland Security*; Todd M. Lyons, *Acting Director, Immigration and Customs Enforcement*; David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*;

      Respondents.

File No. 26-CV-2474 (JMB/DTS)

**ORDER**

---

Daniel P. Suitor, Minneapolis, MN, for Petitioner Cher Y.

Worthington Phillips and David W. Fuller, United States Attorney's Office, Minneapolis, MN, for Respondents Markwayne Mullin, Todd M. Lyons, and David Easterwood.

---

This matter is before the Court on Petitioner Cher Y.'s Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. (Doc. No. 1 [hereinafter, "Pet."].) Respondents Markwayne Mullin, Todd M. Lyons, and David Easterwood are named in the Petition. For the reasons explained below, the Court grants the Petition.

**FINDINGS OF FACT**

1.     Cher Y. is a citizen of Laos and a member of the Hmong ethnic minority.

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

(Pet. ¶ 19.)  He entered the United States in 1975 as a refugee.  (*Id.*)  He received lawful permanent resident status retroactive to 1975.  (*Id.*)

2.      Cher Y. has a criminal record.  (*Id.* ¶ 20.)  He has a 1990 conviction for misdemeanor giving a peace officer a false name; a 2003 conviction for first-degree sale of cocaine and/or methamphetamine and gross misdemeanor solicitation; a 2012 conviction for misdemeanor driving after suspension of license; and a 2020 conviction for felony fifth degree possession, misdemeanor domestic assault—fear of harm, and misdemeanor fleeing the police.  (*Id.*)

3.      Cher Y. was ordered removed from the United States on December 18, 2007. (*Id.* ¶ 21.)  He served 90 days of immigration detention.  (*Id.*)

4.      On March 18, 2008, Cher Y. was placed on an Order of Supervision pursuant to 8 C.F.R. §§ 241.5 and 241.13 due to evidence that there was no significant likelihood of his removal in the reasonably foreseeable future.  (*Id.* ¶ 2, 21; Doc. No. 10-6 at 1.)

5.      On April 8, 2026, an immigration officer issued an arrest warrant, determining that there was probable cause that Cher Y. was removable based on "biometric confirmation of the subject's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law."  (Doc. No. 10-5.)

6.      The warrant's Certificate of Service section notes that the immigration officer served the warrant on April 12, 2026, with the "(Location)" marked as "null."  (*Id.*) The names of both the authorizing immigration officer and the officer who served the

2

warrant are both redacted.  (*Id.*)

7.      Respondents took Cher Y. into physical custody at some time on April 12, 2026, as Cher Y. was released on bail from the Scott County Jail to seek treatment.  (*Id.* ¶ 23.)

8.      Also on April 12, 2026, at 6:59 p.m., Easterwood signed a "Notice of Revocation of Release" (the Notice), explaining that release had been revoked because Cher Y. violated a condition of his release.  (Doc. No. 10-6 at 1.)  Specifically, the Notice stated that "[o]n July 23, 2024, [Cher Y.] was convicted of possession of drugs in violation of MN State Statute 152.25 Subdiv. 2(1), a felony [he] committed on March 16, 2020."[2]

9.      The Proof of Service section of the Notice provides that the deportation officer (name redacted) served Cher Y. with the revocation notice on April 12, 2026, at 7:10 p.m.  (*Id.*)  An officer (name redacted) also provided an informal interview, noting that Cher Y. did not want to make a statement.  (Doc. No. 10-7.)

10.      On May 4, 2026, Cher Y. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (Pet.)  He seeks immediate release.  (*Id.* at 18.)  Among other arguments, Cher Y. claims that his April 12, 2026, re-detention violates 8 U.S.C. 1231 because "Respondents have not taken any steps or made any efforts to execute the removal order," the Respondents violated his Fifth Amendment Due Process rights because removal

---

[2] This statement is not accurate: Cher Y. was convicted of Fifth Degree Possession of a Controlled Substance on March 17, 2020, and a probation violation warrant was issued on September 16, 2020.  (*See State v. Cher Y.*, Case No. 58-CR-18-1251 (Minn. Dist. Ct.).) On July 23, 2024, Cher Y. admitted to the probation violation and was discharged from probation the same day with credit for time served.  (*See id.*)

"is not substantially likely to occur in the reasonably foreseeable future," and "ICE did not comply with its own regulations under 8 C.F.R. § 241.13." (*Id.* ¶¶ 53, 57, 72.)

11.    Cher Y. remains detained at the Sherburne County Jail. (*Id.* ¶ 9.)

## DISCUSSION

Cher Y. seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting that the Court declare that his detention is unlawful and order Respondents to release him from custody. (Pet. at 18.) For the reasons discussed below, the Court grants the Petition.

### A.    Constitutional Guarantee of Habeas Review and Due Process

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

4

In addition, the Court concludes that it has jurisdiction to hear this Petition. Under section 2241, federal courts have jurisdiction to order the release of a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. More specifically, federal courts have jurisdiction to decide section 2241 petitions for habeas corpus filed by persons who remain detained after a deportation order has become final. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Because Cher Y. does not challenge the removal order but instead challenges the revocation of his supervised release and his continued detention, the Court has jurisdiction to decide the questions raised about the lawfulness of Cher Y.'s current re-detention.

## B. Violation of Regulations Governing Revocation of Supervised Release

Cher Y. asserts that his detention is unlawful and that he should be immediately released because Respondents, having previously released him on an Order of Supervision, violated applicable regulations by re-detaining him. Given Respondents' limited response concerning compliance with the requisite procedures at section 241.13, the Court agrees with Cher Y. and grants the Petition on this basis.[3]

Specific regulations control the federal government's ability to detain, release, and revoke the release of noncitizens subject to orders of removal.[4] Government agencies are

---

[3] Cher Y. also asserts that his re-detention violated the Fourt and Fifth Amendments of the U.S. Constitution. (Pet. ¶¶ 55–69.) Because the Court concludes that ICE has violated its own regulations in re-detaining Cher Y., such that his current detention is unlawful, the Court need not address these alternative arguments.

[4] The Court uses the term "noncitizen" instead of the term "alien."

required to follow their own regulations. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954); *Sarail A. v. Bondi*, No. 25-CV-2144 (ECT/JFD), 2025 WL 2533673, at *2 (D. Minn. Sep. 3, 2025). Section 241.13 applies when ICE has previously determined that there is no significant likelihood that the noncitizen will be removed in the reasonably foreseeable future, provided that no special circumstances justify continued detention. 8 C.F.R. § 241.13(g).

When an individual is released pursuant to section 241.13, that release can be revoked on two grounds: violation of supervised release or changed circumstances. 8 C.F.R. § 241.13(i). Under the latter, ICE "may revoke [a noncitizen's] release under this section and return the [noncitizen] to custody if, on account of changed circumstances, [ICE] determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." *Id.* § 241.13(i)(2). In either case—violation of supervised release or changed circumstances—the regulations require ICE to notify the noncitizen "[u]pon revocation . . . of the reasons for revocation of his or her release" and to conduct an initial informal interview promptly after the noncitizen's return to custody to afford the noncitizen an opportunity to respond to the reasons for revocation stated in the notification. *Id.* § 241.13(i)(3). Section 241.13 also places the burden on ICE to establish that "changed circumstances" justified the revocation of release. *Roble v. Bondi*, No. 25-CV-3196 (LMP/LIB), 2025 WL 2443453, at *4 (D. Minn. Aug. 25, 2025); *Escalante v. Noem*, No. 9:25-CV-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025); *Nguyen v. Hyde*, No. 25-CV-11470-MJJ, 2025 WL 1725791, at *3 n.2 (D. Mass. June 20, 2025).

Here, the Court concludes that Respondents have not met their burden under section 241.13. Respondents attached the Notice of Revocation of Release, dated April 12, 2026, signed at 6:59 p.m., and served at 7:10 p.m. (*See* Doc. No. 10-6 at 2.) However, the record does not show what time Respondents detained Cher Y., and so Respondents have not established that their decision to revoke Cher Y.'s release occurred before he was arrested. Absent any evidence in the record to show that the decision to revoke release was not an after-the-fact justification for Cher Y.'s detention, the Court cannot conclude that Respondents complied with section 241.13(i)(3).

Accordingly, Cher Y. has shown that ICE's re-detention of him on April 12, 2026, violated the law. Cher Y.'s Petition is granted, and he must be released immediately.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Petitioner Cher Y.'s Petition for a Writ of Habeas Corpus (Doc. No. 1) is GRANTED AS FOLLOWS:

1.  Respondents are ORDERED to release Petitioner Cher Y. immediately, and in any event no later than 4:00 p.m. CT on May 22, 2026.

2.  On or before 11:00 a.m. CT on May 26, 2026, counsel for Respondents shall file a letter affirming that they have released Petitioner Cher Y.

3.  On or before 11:00 a.m. CT on May 26, 2026, counsel for Respondents shall also file a declaration pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all documentation concerning the Petitioner's release, and affirms with supporting documentation that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation). Respondents must submit each of the

7

following three forms to affirm return of Petitioner's property: I-77, I-216, and G-589.  If Petitioner's property is lost, Respondents must also submit form I-387, "Report of Detainee's Missing Property."  If Respondents cannot provide one or more of these forms, Respondents must address why they are unable to do so.

4. Petitioner Cher Y. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 20 U.S.C. § 2412(d).

5. To the extent Petitioner Cher Y. seeks additional relief, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  May 21, 2026

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court

8